UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY CASE
IN THE MATTER OF

| | |
|---|---|
| Beverly L. Wright,<br>    Complainant,<br><br>    v.<br><br>William J. Henderson,<br>Postmaster General,<br>U. S. Postal Service,<br>(Allegheny/Mid-Atlantic Areas),<br>    Agency. | Date: 2 8 OCT 1999<br><br>Agency Case No. 4-K-210-0133-99<br><br>RECEIVED<br>NOV 0 1 1999<br>EQUAL EMPLOYMENT OPPORTUNITY OFFICE<br>U.S. POSTAL SERVICE<br>BALTIMORE |

### PARTIAL ACCEPTANCE/PARTIAL DISMISSAL OF FORMAL EEO COMPLAINT

This is the Postal Service's **partial acceptance/partial dismissal** on the above-cited discrimination complaint. The complainant alleged discrimination on the bases of race (African American), sex (Female) and physical disability (Multiple Sclerosis) harassment when from January to July 1999: **(1)** specifically on January 9, 1999 to February 22, 1999, she was only allowed to work 2 hours per night and forced to use leave to cover the remainder of the tour; **(2)** on February 23, 1999 to July 1999, she was only allowed to work 2 hours per night and forced to use leave to cover the remainder of the tour; **(3)** on unspecified dates, Supervisor Smith stayed at her work station and counted every piece of mail processed by her[1]; **(4)** on April 14, 1999, she was threatened with arrest by Supervisor Smith in the presence of another employee and told not come to work until this matter was resolved; **(5)** in March 1999 and July 1999, she was forced to submit to fitness for duty examinations; **(6)** on May 12, 1999 and May 24, 1999, she was forced to go home by Supervisor Laurie Schultz; and **(7)** on June 11, 1999, she presented documents to the supervisor for the approval of Family Medical Leave and on June 16, 1999, she received a phone call from Postmaster Mike Orsini ordering her to submit to a fitness for duty examination.

---

[1] Complainant is advised that during the investigation, she will be requested to provide dates of incident for issues number three. Dates of incident will be subject to time limits established by the EEOC and in accordance with regulations found in 29 C.F.R. 1614. Thus, in accordance with the above regulations, the agency is not waiving the issue of timeliness.

Exhibit 5

### A. *Partial Acceptance - Issues #2, #3, #4, #5, #6, and #7:*

We have received your complaint of discrimination filed on June 29, 1999. Your complaint has been accepted for investigation. The scope of the investigation will include the following issue(s) only:

Specific Issue(s): **(2)** When on February 23, 1999 to July 1999, you were discriminated against on the bases of race (African American), sex (Female) and physical disability (Multiple Sclerosis) when you were only allowed to work 2 hours per night and forced to use leave to cover the remainder of the tour; **(3)** on unspecified dates, Supervisor Smith stayed at your work station and counted every piece of mail processed by you; **(4)** on April 14, 1999, you were threatened with arrest by Supervisor Smith in the presence of another employee and told not come to work until this matter was resolved; **(5)** in March 1999 and July 1999, you were forced to submit to fitness for duty examinations; **(6)** on May 12, 1999 and May 24, 1999, you were forced to go home by Supervisor Laurie Schultz; and **(7)** on June 11, 1999, you presented documents to the supervisor for the approval of Family Medical Leave and on June 16, 1999, you received a phone call from Postmaster Mike Orsini ordering you to submit to a fitness for duty examination.

If you do not agree with the defined issue(s), you must provide a written response specifying the nature of your disagreement within seven (7) calendar days of receipt of this letter to the Senior EEO Complaints Processing Specialist in your local EEO District Office. The address for your local EEO District Office is provided in the attached Certificate of Service. You are reminded, however, that any notification of disagreement with the define accepted issue(s), is not an opportunity or form to raise additional, unrelated issue(s) of discrimination. Additional issues of discrimination must be pursued through established procedures with your local EEO District Office.

Your case will be assigned for investigation. Please be prepared to go forward with your case when the EEO Counselor/Investigator contacts you.

The investigation will be completed within 180 calendar days of the date of your filing of the complaint, except that the complainant and the Postal Service may voluntarily agree, in writing, to extend the time period up to an additional 90 calendar days.

If you have a grievance pending on the same issue(s) as those addressed in your EEO complaint, the agency may, at its discretion, defer the processing of your EEO complaint until the grievance procedure is terminated. When an EEO complaint is deferred, the 180-day time-in-process clock stops temporarily,

pending the outcome of the grievance procedure. If your complaint is deferred, you will be notified of the options which may be available to you, and of the further disposition of the complaint.

When the investigation is completed, you will receive a copy of the investigative file, and you will be notified of your right to a hearing before an Equal Employment Opportunity Commission Administrative Judge or of your right to a final decision by the agency head or designee without a hearing.

You may request a hearing by an EEOC Administrative Judge by notifying the Senior EEO Complaints Processing Specialist, in your District, within 30 calendar days of your receipt of the investigative file and notice of right to file. If you do not receive your investigative file and notice of right to file within 180 calendar days from the filing date, you may request a hearing at any time up to 30 calendar days after receipt of the investigative file.

If you are dissatisfied with the final decision of the Postal Service, after a hearing or without a hearing, you may exercise your appeal rights: You may appeal to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC) or you may file a civil action in an appropriate U.S. District Court within 90 calendar days of your receipt of the decision.

Any appeal to the EEOC should be addressed to the Office of Federal Operations, Equal Employment Opportunity Commission, PO Box 19848, Washington, DC, 20036-9848. Along with your appeal, you must submit proof to the EEOC that a copy of the appeal and any supporting documentation were also submitted to the Office of EEO Compliance and Appeals, U. S. Postal Service, Allegheny/Mid-Atlantic Areas, Philadelphia Processing Center, PO Box 40596, Philadelphia, PA 19197-0596.

After 180 calendar days from the date of filing your formal complaint, you may file a civil action in an appropriate U. S. District Court if the Postal Service has not issued a final decision on your complaint.

If you decide to appeal to the Office of Federal Operations, EEOC, you may file a civil action in an appropriate U. S. District Court within 90 calendar days after your receipt of the EEOC's decision. If you do not receive a decision on your appeal within 180 calendar days from the date of your appeal, you may file a civil action.

### B. *Partial Dismissal – Issues #1:*

This is the Postal Service's **final decision** on the remaining issue(s) of this discrimination complaint. The complainant also alleged discrimination on the bases of race (African American), sex (Female) and physical disability (Multiple Sclerosis)

21

harassment when: **(1)** specifically on January 9, 1999 to February 22, 1999, she was only allowed to work 2 hours per night and forced to use leave to cover the remainder of the tour.

## *CASE CHRONOLOGY*

Complainant was employed as a Clerk, PS-5 for the agency's Lutherville Timonium Post Office located in Lutherville MD at the time of the alleged discriminatory action. The record reflects that on **April 9, 1999**, complainant requested pre-complaint processing. On June 18, 1999, complainant was notified of the right to file an individual complaint and subsequently filed a formal complaint on June 29, 1999.

## *ANALYSIS AND CONCLUSION*

**Issue #1:**

Under part 29 C.F.R. 1614.105, an aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory. Evidence of record indicates that complainant did not contact a Counselor until **April 9, 1999**, approximately **90 days to 46 days** after the alleged discriminatory action took place on **January 9, 1999 to February 22, 1999**.

EEOC Regulations at 1614.105(a)(2) state that the agency shall extend the 45-day time limit when the individual shows that he or she was not otherwise aware of them, that he or she did not know and reasonably should not have known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency.

Supervisor Raymond Smith, affidavit attests that the EEO Poster is posted on the Employee Bulletin Board on the workroom floor and has been on display since February 1993. The EEO Poster informs the individual that they must contact an EEO Counselor within 45 calendar days of the alleged discriminatory act or, if a personnel action is involved, within 45 calendar days of its effective date. Additionally, the EEO Poster notifies the individual of the specific address and telephone number of the designated local EEO office.

Complainant has provided no evidence of not being aware of the time limit for contacting an EEO Counselor. Further, complainant has offered no evidence that would serve to persuade the agency to extend the time limits for contacting an EEO Counselor in this case.

- 4 -

20

The regulations provide that the agency shall dismiss a complaint or portion of a complaint that fails to comply with the applicable time limits contained in 1614.105. Therefore, complainant's complaint alleging discrimination as cited above is now dismissed as untimely brought to the attention of an EEO Counselor in accordance with 29 C.F.R. 1614.107(b).

## *COMPLAINANT'S APPEAL RIGHTS*

*Right to file a civil action*

If you are dissatisfied with this final agency decision, you may file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of this decision. If you choose to file a civil action, that action should be captioned <u>Beverly L. Wright vs William J. Henderson, Postmaster General, U.S. Postal Service</u>. You may also request the court to appoint an attorney for you and to authorize the commencement of that action without the payment of fees, costs, or security in such circumstances as the court deems just. Your application must be filed within the same 90-day time period for filing the civil action.

*Appeal to the Equal Employment Opportunity Commission*

In lieu of filing a civil action, you may appeal to the Equal Employment Opportunity Commission **within 30 calendar days** of the date of your receipt of this decision, or, if you are represented by an attorney, **within 30 calendar days** of your attorney's receipt of the decision. The appeal must be in writing and filed with the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, DC 20036-9848, or by personal delivery or facsimile. The complainant should use EEOC Form 573, Notice of Appeal/Petition, (attached to the agency's decision) and should indicate what he or she is appealing. Any supporting statement or brief must be submitted to the EEOC within 30 calendar days of filing the appeal. A copy of the appeal and any supporting documentation must also be submitted to the agency's designated office at: Office of EEO Compliance and Appeals, United States Postal Service, Allegheny/Mid-Atlantic Areas, Philadelphia Processing Center, PO Box 40596, Philadelphia, PA 19197-0596. In or attached to the appeal to the EEOC, you must certify the date and method by which service of the appeal was made on the agency's office.

Failure to file within the 30-day period could result in the EEOC's dismissal of the appeal unless you explain, in writing, extenuating circumstances which prevented filing within the prescribed time limit. In this event, extending the time limit and accepting the appeal will be discretionary with the EEOC.

19

If you file an appeal with the EEOC's Office of Federal Operations, you may thereafter file a civil action in an appropriate U.S. District Court **within 90 calendar days** of your receipt of the Office of Federal Operations' decision. A civil action may also be filed after 180 calendar days of your appeal to the EEOC, if you have not received a final decision on your appeal.

*[signature]*

for Robinn A. Reed
A/EEO Compliance & Appeals Coordinator

Attachments:
1. Certificate of Service
2. EEOC Form 573, "Notice of Appeal/Petition" (Complainant and Complainant's Representative, if an attorney)
3. "A"