IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BEVERLY LEWIS WRIGHT, | : | |
| Plaintiff, | : | |
| v. | : | |
| JOHN E. POTTER, | : | Civil No. AMD-02-4181 |
| Postmaster General, | | |
| United States Postal Service, | : | |
| Defendant. | : | |

**...oOo...**

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

John E. Potter, Postmaster General of the United States Postal Service, defendant herein, by

his attorneys, Thomas M. DiBiagio, United States Attorney for the District of Maryland, and John

W. Sippel, Jr., Assistant United States Attorney for said District, hereby submits this Reply

Memorandum in Support of his Motion to Dismiss or, in the alternative, for Summary Judgment.

**I. INTRODUCTION**

In her Response to Defendant's Motion to Dismiss or, in the Alternative, for Summary

Judgment, Plaintiff asserts that: (1) her claims were asserted timely; (2) she has established a *prima*

*facie* of discrimination under the Rehabilitation Act; (3) she has established that she was wrongfully

terminated; and (4) that the USPS failed to provide her with reasonable accommodation.

As discussed more fully below, portions of Plaintiff's Complaint must be dismissed as she

failed to timely present her claims. Even if the Court accepts all of Plaintiff's claims as timely filed,

Plaintiff cannot establish a *prima facie* case under the Rehabilitation Act, nor can she prove that she

the USPS failed to provide her with reasonable accommodation. In addition, Plaintiff cannot prove

that she was wrongfully terminated.  For these reasons, Plaintiff's Complaint must be dismissed or,

in the alternative, judgment entered in favor of Defendant.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff agrees with Defendant's factual and procedural histories presented in Defendant's

Memorandum in Support of his Motion to Dismiss or, in the alternative, for Summary Judgment.

*See* Pl.'s Response, p. 1.  Therefore, no additional factual or procedural evidence is necessary.

## III.  ARGUMENT

**A.  Plaintiff's claims of failure to provide reasonable accommodation and wrongful termination must be dismissed because Plaintiff failed to exhaust her administrative remedies.**

At the administrative level, Plaintiff's claim that the USPS failed to provide reasonable

accommodation from the period of January, 1999 through February 23, 1999 was dismissed because

Plaintiff failed to timely present her claims to an EEO counselor within 45 days of the alleged

discrimination.  *See* Defendant's Memorandum of Law in Support of his Motion to Dismiss or, in

the alternative, for Summary Judgment ("Def.'s Memorandum"), Ex. 5.  In her Response to

Defendant's Motion, Plaintiff asserts that she did make a timely complaint pursuant to 29 C.F.R. §

1614.105A1, and that her allegations of discrimination were "continuous and ongoing."  *See* Pl.'s

response, p. 2.

Plaintiff has not cited to any legal authority or provided any facts to invoke the "continuing

violation" doctrine.  Under the continuing violation doctrine, a plaintiff may obtain relief for

otherwise time-barred acts by linking them to acts that fall within the limitations period.  *National*

*Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 123 (2002); *Beall v. Abbott Laboratories*, 130

F.3d 614, 621 (4th Cir. 1997).  A continuing violation may consist of either a series of related acts,

*Beall*, 130 F.3d at 620-21, or the maintenance of a discriminatory policy or system. *Van Slyke v.*

*Northrop Grumman Corp.*, 115 F. Supp. 2d 587, 593 (D. Md. 2000) (Nickerson, J.).

While courts permit plaintiffs to rescue stale claims through the presentation of the

continuing violation theory, that theory "is narrowly drawn." *Boarman v. Sullivan*, 769 F. Supp.

904, 907 (D. Md. 1991) (Nickerson, J.).  In particular, in applying the continuing violation doctrine,

courts must distinguish between a series of related acts and discrete, individual events.  *See, e.g.*,

*Hill v. AT & T Technologies, Inc.*, 731 F.2d 175, 179-80 (4th Cir. 1984); *Woodard v. Lehman*, 717

F.2d 909 (4th Cir. 1983); *West v. ITT Continental Baking Co.*, 683 F.2d 845, 846 (4th Cir. 1982).  A

discrete act of discrimination which is not made the target of a timely charge is merely an

unfortunate event in history which has no present legal consequences. *Dachman v. Shalala*, 46 F.

Supp. 2d 419, 435 (D. Md. 1999)(Davis, J.) (*quoting United Airlines v. Evans,* 431 U.S. 553 (1977)).

As the Supreme Court stated in *Evans*, the court must distinguish between a continuing impact and

a continuing violation; the critical question is whether any present violation exists.  *Evans*, 431 U.S.

at 559.  The "[m]ere continuity of employment, without more, is insufficient to prolong the life of

a cause of action for employment discrimination." *Delaware State College v. Ricks*, 449 U.S. 250,

257 (1980).

Here, Plaintiff has done nothing more than to state that her claims were "continuous and

ongoing," and that her claims were filed timely "[p]ursuant to the spirit of the equal employment

opportunity law." Pl.'s response, p. 2.  Plaintiff has offered no facts to support her invocation of the

continuing violation doctrine.  When Plaintiff's work schedule was initially reduced to 2 hours per

shift, this event, and on every occasion that she received her shift schedule, were discrete, individual

acts, and Plaintiff was required to contact an EEO counselor within 45 days of when she received

her shift schedule. Therefore, Plaintiff's claim that the USPS failed to provide reasonable accommodation from the period of January, 1999 through February 23, 1999 must be dismissed.

Also, Plaintiff did not address Defendant's assertion that Plaintiff's allegation that she was wrongfully terminated her from USPS employment was never brought to the attention of an EEO Counselor. Accordingly, Plaintiff's wrongful termination claim must be dismissed. *See Adams v. Calvert County Public Schools*, 201 F. Supp.2d 516, 519 (D. Md. 2002) (Chasanow, J.) (granting defendant summary judgment in race discrimination case where plaintiff did "not advance any argument in his opposition to Defendant's motion for summary judgment in support of his race discrimination claim."); *Mentch v. Eastern Sav. Bank, FSB*, 949 F. Supp. 1236, 1246-47 (D. Md. 1997) (Davis, J.) (finding that discrimination plaintiff abandoned her harassment claim "because in her response brief [plaintiff] did not specifically address [defendant's] harassment argument.").

**B.**    **Plaintiff has failed to set forth a *prima facie* case of discrimination.**

**1.**    **Plaintiff cannot establish a *prima facie* case of discrimination under the Rehabilitation Act.**

Plaintiff cannot prevail on her claim brought under the Rehabilitation Act, as she is unable to prove that she was qualified for her position, nor can she prove that she suffered from an adverse employment action.

In her Response to Defendant's Motion, Plaintiff claims that "…at all times [she] has asserted that she could perform the essential functions of her [job] with or without accommodation." *See* Pl.'s Response, p. 4. The medical and other evidence, however, establish that Plaintiff was not able to perform her job duties. Indeed, on June 16, 1999, Marcia Kane, M.D., found Plaintiff totally disabled and not fit for duty. *See* Def.'s Memorandum, Ex. 1, Att. 11. In her Response to Defendant's Motion, Plaintiff offers no evidence, other than her own unsupported opinion, that she

is able to perform her duties and is not disabled.  Plaintiff attempts to argue that her personal

physician opined that Plaintiff can perform manual activities while seated.  *See* Pl.'s Response, p.

4.  Her personal physician, however, provided the opinion that Plaintiff could perform light duty

work in 1998, prior to Plaintiff's worsening of condition and the June 16, 1999 examination by Dr.

Kane.  Thus, the undisputed evidence in this case establishes that in June, 1999, Plaintiff was totally

disabled and not capable of performing her job duties.  Therefore, Plaintiff cannot establish a *prima*

*facie* case of discrimination and her Complaint must be dismissed.

In addition, Plaintiff has failed to show that the USPS's articulated legitimate, non-

discriminatory reasons for reducing Plaintiff's hours were based on pretext.  The USPS argued that

it was required to reduce Plaintiff's work hours when the Lutherville/Timonium Post Office stopped

mail processing, the work load at the Post Office dropped-off considerably, four employees were

excessed, and light duty hours were absorbed by clerical employees with "downtime."  *See* Def.'s

Memorandum, p. 4.  In support of her contention that the USPS's legitimate, non-discriminatory

reason is pretextual, Plaintiff relies on the decision from a labor arbitration panel related to a

grievance filed by Plaintiff's union to address whether the USPS violated the collective bargaining

agreement ("CBA") between the union to which Plaintiff belongs (AFL-CIO) and the USPS.  *See*

Pl.'s Response, p. 4 and Ex. 1.  This decision, however, has no weight for several reasons.  First, the

Court's review of this action is *de novo*.  *See Moore v. Devine*, 780 F.2d 1559, 1564 (4th Cir. 1986);

*Boarman,* 769 F. Supp. at 908.  Second, the arbitration panel determined whether Article 13 of the

CBA was violated, not whether Plaintiff was discriminated against in violation of the Rehabilitation

Act.  The standards under the CBA and the Rehabilitation Act are very different.  Unlike Article 13,

the Rehabilitation Act requires an employer to reassign a disabled employee to a funded position

of which the employee can perform the essential job functions.  The USPS is not required to "make

work" or to provide the qualified disabled employee with a miscellaneous set of duties that do not

comprise a funded vacant position.  *See* Def.'s Memorandum, pp. 19-23.  Because of these differing

standards, the arbitration panel decision did not analyze whether Plaintiff was a "qualified individual

with a disability" pursuant to the Rehabilitation Act, or whether the USPS failed to reassign Plaintiff

to a funded vacant position for which she could perform the essential job functions.  Rather, the

arbitration panel analyzed whether, under the CBA, the USPS made best efforts to "aid and assist

[a] deserving full time regular...employee[] who through illness or injury was unable to perform

regularly assigned duties."  Third, Plaintiff has provided no support for her position that work at the

Lutherville/Timonium Post Office did not "dry-up" as the USPS alleged.  Thus, Plaintiff has failed

to meet her burden of showing that the USPS's legitimate non-discriminatory reason is pretextual.

Moreover, Plaintiff cannot show that she was subjected to an adverse employment action

when she was "threatened with arrest."  Without citing to any legal or factual authority, Plaintiff

states that "[i]f we consider the incident under all the circumstances, the supervisor's statement that

the USPS Police would be called was threatening enough and caused severe anxiety and produced

a reaction on the part of the plaintiff to constitute and adverse employment action."  Pl.'s Response,

p. 5.  This contention, however, runs afoul of the well-established case law in the Fourth Circuit

defining the parameters of what actions constitute adverse employment actions.  *See* Def.'s

Memorandum, pp. 16-18.  Plaintiff has offered no evidence or legal authority that demonstrates that

Plaintiff's supervisor's threat of having Plaintiff removed from USPS premises affected the terms,

conditions or benefits of her employment.  *See Munday v. Waste Management of North America,

Inc.*, 126 F.3d 239, 243 (4th Cir. 1997); *Settle v. Baltimore County,* 34 F. Supp.2d 969,  992 (D. Md.

1999)(Davis, J.), *aff'd*, 203 F.3d 822 (4th Cir. 2000). Accordingly, Plaintiff's claims must be dismissed.

For all of the foregoing reasons, Plaintiff has failed to present a *prima facie* case of discrimination under the Rehabilitation Act and, therefore, her case must be dismissed or, in the alternative, judgment entered in favor of Defendant.

2.      **Plaintiff cannot establish a *prima facie* case that she was wrongfully terminated.**

Even if the Court determines that Plaintiff exhausted her administrative remedy as to her wrongful termination claim, Plaintiff is unable to make a *prima facie* showing that she was wrongfully terminated. In her Response to Defendant's Motion, Plaintiff failed to offer any legal authority or factual evidence to support her allegation that she was forced to forced to retire and in effect wrongfully discharged.

In support of her wrongful discharge claim, Plaintiff alleges that she has "always alleged that she was coerced or forced to apply for disability retirement." Pl.'s Response, p. 5. Plaintiff has not provided the Court with any evidence to prove that she was wrongfully discharged.

In June, 1999, Dr. Kane stated that Plaintiff was totally disabled and unable to work. *See* Def.'s Memorandum, Ex. 1, Att. 11. Accordingly, Plaintiff filed for disability retirement, which was approved by the USPS. Plaintiff has offered no evidence to refute the medical evidence concluding that she is disabled and not fit for duty, nor has she provided evidence to establish that she is capable of performing her job duties with the USPS. Moreover, there is no evidence to support the proposition that Plaintiff's disability retirement was a result of discriminatory motives on behalf of the USPS. According, Plaintiff cannot prove that she was wrongfully discharged from service with the USPS and, therefore, her wrongful discharge claim must be dismissed.

7

**3.      Plaintiff cannot establish that the USPS failed to provide reasonable accommodation.**

Plaintiff has not offered any evidence to support her claim that the USPS failed to provide reasonable accommodation for her disability.  Plaintiff contends that "she could and did perform her essential job functions with accommodation."  Pl.'s Response, p. 6.  Plaintiff continues by stating that "[i]n August, 1998, Dr. King stated that the plaintiff could do sedentary work but that she could not operate machinery."  *Id*.

Again, Plaintiff's assertions are unsupported by the evidence presented in this case.  In June, 1999, Plaintiff's supervisor requested that Plaintiff submit to a fitness for duty examination because Plaintiff was not able to perform safely her job functions.  *See* Def.'s Memorandum,  Ex. 1, ¶ 10.  Plaintiff's fitness for duty examination revealed that Plaintiff was disabled and unfit for duty.  *Id*. at Ex. 1, Att. 11.  The USPS physician, Dr. Kane, provided forms to Plaintiff to have her treating physician complete, but Plaintiff never returned the completed forms, nor did she challenge Dr. Kane's duty status determination.  *Id*. at ¶ 11.  Thereafter, the Reasonable Accommodation Committee ("RAC") examined Plaintiff's medical documentation, her job functions and her personnel file, and determined that Plaintiff's disability prevented her from performing her job duties and that reasonable accommodation was not feasible.  *Id*. at ¶ 12.  Therefore, the USPS was not required to provide Plaintiff with reasonable accommodation because Plaintiff was disabled and not capable of performing her job duties, *see* Def.'s Memorandum, pp. 19-23.  Accordingly, Plaintiff's claim on this issue must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, as well as the reasons set forth in Defendant's Memorandum of Law in Support of his Motion to Dismiss or, in the alternative, for Summary Judgment, Plaintiff

failed to exhaust the administrative remedies available for portions of her failure to provide

reasonable accommodation and her wrongful termination claims.  Even if the Court accepts

Plaintiff's claims, Plaintiff has failed to establish a *prima facie* case of discrimination under the

Rehabilitation Act, failed to establish that she was wrongfully terminated, and failed to establish that

the United States Postal Service failed to provide her with reasonable accommodation.  Accordingly,

this Court should dismissal Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b) or, in the

alternative, enter judgment in favor of Defendant pursuant to Fed. R. Civ. P. 56.

<div style="margin-left: 40%;">

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney



By:_____/s/_____
John W. Sippel, Jr.
Assistant United States Attorney
Federal Bar No. 25484
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201
(410) 209-4807
(410) 962-2310 facsimile

Attorneys for Defendant, John E. Potter,
Postmaster General of the United States
Postal Service

</div>

OF COUNSEL:
Kathryn A. Good
Attorney
United States Postal Service
Capital Metro Law Department
400 Virginia Avenue, S.W., # 650
Washington, D.C.  20024-2730